IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. CV F 06-0620 OWW LJO |
| Plaintiff, | **FINDINGS AND RECOMMENDATIONS ON GOVERNMENT'S APPLICATION FOR DEFAULT JUDGMENT** |
| vs. | (Doc. 31.) |
| 2002 MERCEDES-BENZ C320, LICENSE NO. 5TOP844, VIN WDBRF64J32F178527, et al., | |
| Defendants. / | |

**INTRODUCTION**

In this civil forfeiture action, plaintiff United States of America ("Government") seeks:

1. Default judgment against the interests of Thomas Gonzalez Garza ("Mr. Garza"), Jessica C. Sandoval ("Ms. Sandoval") and Maria Louisa Blanco ("Ms. Blanco") in defendants 2002 Mercedes-Benz C320 ("Mercedes")[1] and $1,528 U.S. currency ("currency"); and

2. Entry of a final forfeiture judgment to vest in the Government all right, title and interest in the Mercedes and currency.

---

[1] The defendant Mercedes' vehicle identification number is WDBRF64J32F178527, and its license number is 5TOP844.

1

This Court considered the Government's default and final forfeiture judgment application on the record and without oral argument and VACATES the January 12, 2007 hearing, pursuant to this Court's Local Rule 78-230(c)[2] and (h).  For the reasons discussed below, this Court RECOMMENDS to:

1. GRANT the Government default judgment and to ENTER final forfeiture judgment to vest in the Government all right, title and interest in the Mercedes and currency; and

2. ORDER the Government, within 10 days of service of an order to adopt these findings and recommendations, to submit a proposed default and final forfeiture judgment consistent with these findings and recommendations.

## BACKGROUND[3]

### Mercedes Purchase

On February 23, 2006, Mr. Garza and Ms. Sandoval went to A&M Auto, an auto dealership owned by Al Bonakdar ("Mr. Bonakdar"), to purchase the Mercedes.  Mr. Garza provided Mr. Bonakdar $4,900 cash and a $5,000 cashier's check and traded in a 1999 Cadillac Escalade valued at $10,000.  A&M Financial financed the $4,090 balance purchase price, and Ms. Sandoval executed a note for such balance in favor of A&M Financial.  Ms. Sandoval is the Mercedes' registered owner and claims that she did not pay for the Mercedes and only completed paperwork already prepared when she arrived at A&M Auto.

### Mercedes And Currency Seizure

On March 20, 2006, Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") agents conducted surveillance of Mr. Garza's apartment.  After Mr. Garza left his apartment, ATF agents detained him and informed him they had a warrant to search his apartment.  The ATF agents searched Mr. Garza and found the currency.  Mr. Garza consented to a search of the Mercedes, and ATF agents found approximately five grams of marijuana.  The ATF agents searched Mr. Garza's apartment and found a loaded firearm, holsters, a small scale, and approximately 158 grams of marijuana.  Since Mr. Garza is a convicted felon, he was arrested for violation of 18 U.S.C. § 922(g)(1) (felon in possession

---

[2] No timely opposition papers were filed.  Pursuant to this Court's Local Rule 78-230(c), no opposing party is entitled to oral argument in the absence of timely filed opposition papers.

[3] The below factual recitation is based on the Government's papers and record before this Court.

of a firearm).

During a March 20, 2006 interview with an ATF agent, Maria Cruz ("Ms. Cruz"), Mr. Garza's girlfriend, stated that:

1. Mr. Garza paid cash for the Mercedes;
2. The firearms found in the apartment search belong to Mr. Garza;
3. Mr. Garza sells marijuana to make his money, and she has seen Mr. Garza daily with large amounts of cash;
4. Mr. Garza received frequent cell phone calls and left to deliver marijuana; and
5. Mr. Garza is unemployed.

During a March 23, 2006 meeting with AFT agents, Ramon Hernandez ("Mr. Hernandez"), Mr. Garza's cousin, stated that Mr. Garza smoked marijuana each time Mr. Hernandez saw Mr. Garza.

On May 19, 2006, this Court issued a Summons and Warrant for Arrest In Rem ("arrest warrant") for the Mercedes and currency. The arrest warrant was executed on the Mercedes on May 31, 2006 and on the currency on June 13, 2006.

**The Government's Claims**

On May 19, 2006, the Government filed its complaint for forfeiture in rem ("complaint") in this action to claim that the Mercedes and currency are subject to Government forfeiture under 21 U.S.C. § 881(a)(4) and (6) because:

1. The Mercedes constitutes a conveyance used or intended to be used to transport, or to facilitate the transportation, sale, receipt, possession or concealment of a controlled substance; and
2. The Mercedes and currency constitute monies or other things of value furnished or intended to be furnished in exchange for a controlled substance or proceeds traceable to such exchange, and/or were used or intended to be used to facilitate violation of 21 U.S.C. §§ 841, et seq.

**Notice Of Forfeiture**

This Court issued its May 24, 2006 order for publication ("publication order") for the Government to provide public notice of this action and arrest of the Mercedes and currency by

3

publication in the Fresno Business Journal.  Such notice appeared in the Fresno Business Journal on July 21 and 28, 2006 and August 4 and 11, 2006.  The Government filed proof of such publication on September 15, 2006.

On March 24, 2006, the Government served A&M Financial by certified mail copies of the complaint, arrest warrant, publication order and other papers related to this action.  The Government personally served Ms. Sandoval, Mr. Garza and Ms. Blanco[4] with copies of the complaint, arrest warrant, publication order and other papers related to this action on May 31, 2006, June 2, 2006 and August 24, 2006, respectively.

On August 16, 2006, A&M Financial filed its claim of a $4,090 interest in the Mercedes.  Based on a stipulation between the Government and A&M Financial, this Court entered its November 8, 2006 order that A&M Financial will be paid $4,090 from proceeds of the Government's forfeiture sale of the Mercedes.

On October 20, 2006, this Court's clerk entered defaults against Mr. Garza, Ms. Sandoval and Ms. Blanco.  No papers have been filed to oppose the Government's default and final forfeiture judgment motion.

In a parallel criminal action in this Court, Mr. Garza entered a guilty plea to violation of 18 U.S.C. § 922(g)(1) (felon in possession of a firearm).

## DISCUSSION

### Complaint's Sufficiency

The Government contends that its complaint's allegations and issuance of the arrest warrant based on probable cause "provide ample grounds" for the Mercedes and currency's forfeiture.  A complaint's sufficiency is a factor to consider whether to grant default judgment.  *Eitel v. McCool*, 782 F.2d 1470, 1471-1472 (9th Cir. 1986).  The Government notes that, as plead in its complaint, ATF agents found marijuana in Mr. Garza's Mercedes and apartment and that Ms. Cruz and Mr. Hernandez noted Mr. Garza's involvement in marijuana sales.  The Government further notes that Ms. Sandoval and Mr. Bonakdar indicated that the Mercedes "was purchased in a manner to conceal or disguise the origin of

---

[4] The Government describes Ms. Blanco as "a person who contacted the government regarding the assets."

4

the monies used to purchase the vehicle." Thus, according to the Government, the Mercedes is subject to forfeiture under 21 U.S.C. §881(a)(4) ("All conveyances, including aircraft, vehicles, or vessels, which are used, or are intended for use, to transport, or in any manner to facilitate the transportation, sale, receipt, possession, or concealment" of illegal controlled substances) and 21 U.S.C. § 881(a)(6) ("all proceeds traceable" to monies exchanged for a controlled substance are subject to forfeiture). *See United States v. $242,484*, 389 F.3d 1149, 1160 (Government may use circumstantial and hearsay evidence to show probable cause for forfeiture of seized property).

As noted by the Government, the evidence reveals that marijuana was found in the Mercedes and that Mr. Garza engaged in marijuana sales from which he received the currency and monies to purchase the Mercedes. In the absence of unresolved claims as to the Mercedes, this Court is not in a position to question the sufficiency of the Government's claims in this action.

### **Notice Requirements**

The Government contends that it provided required notice for the Mercedes and currency's forfeiture. The Fifth Amendment's Due Process Clause prohibits the Government to deprive property without "due process of law." Individuals whose property interests are at stake are entitled to "notice and an opportunity to be heard." *United States v. James Daniel Good Real Property*, 510 U.S. 43, 48, 114 S.Ct. 492 (1993).

Judicial property forfeitures are governed by the Supplemental Rules for Certain Admiralty and Maritime Claims ("Supplemental Rules"). Supplemental Rule C(4) requires the Government to give notice of forfeiture proceedings by publication alone. This Court's Local Admiralty and In Rem Rules echo Supplemental Rule C(4)'s notice of forfeiture action by court-ordered publication in a newspaper of general circulation in the district where the action is filed. *See* Local Rule A-530 (incorporating Local Rule 83-171 by which court is to designate appropriate newspaper and manner of publication). The Government accomplished such notice with the publication order and publishing notice of this action and the arrest of the Mercedes and currency in the Fresno Business Journal in July and August 2006.

However, when the Government knows of an owner of defendant property, the owner has a constitutional right of due process to require "the Government to make a greater effort to give him notice than otherwise would be mandated by Supplemental Rule C(4)." *United States v. Real Property*, 135

F.3d 1312, 1315 (9th Cir. 1998). For such persons, the Government must attempt to provide actual notice by means "'reasonably calculated under all circumstances' to apprise [the person] of the pendency of the . . . forfeiture[.]" *Dusenberry v. United States*, 534 U.S. 161, 168, 122 S.Ct. 694 (2002). The Government must provide such notice "as one desirous of actually informing the absentee might reasonably adopt to accomplish it." *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 315, 70 S.Ct. 652 (1950). "Reasonable notice, however, requires only that the government attempt to provide actual notice; it does not require that the government demonstrate that it was successful in providing actual notice." *Mesa Valderrama v. United States*, 417 F.3d 1189, 1197 (11th Cir. 2005).

This Court's Local Rule A-540 addresses notice to persons known to have an interest in property subject to forfeiture. The rule requires that a party seeking default judgment in an action in rem to show to the Court's satisfaction that due notice and arrest of the property has been given by: (1) publication; (2) if the property is in the hands of a law enforcement officer, by personal service on the person having custody prior to its possession by law enforcement agency or officer; and (3) by personal service or certified mail, return receipt requested, to every other person who has not appeared in the action and is known to have an interest in the property; provided that failure to give actual notice to such other person may be excused upon a satisfactory showing of diligent efforts to give such notice without success. Local Rule A-540(a).

Putting aside the Supplemental Rules and Local Rule A-540(a), the Government provides sufficient notice if such notice complies with F.R.Civ.P. 4 requirements. *See* F.R.Civ.P. 4(n)(1) (when a federal statute authorizes forfeiture, "[n]otice to claimants of the property shall then be sent in the manner provided by statute or by service of a summons under this rule.")

Here, the Government personally served Ms. Sandoval, Mr. Garza and Ms. Blanco with the complaint, arrest warrant, publication order and other papers regarding this action. Although A&M Financial filed a $4,090 claim as to the Mercedes, the Government has resolved the matter conditioned on the Mercedes' forfeiture sale. No notice issues arise as to the Mercedes and currency's forfeiture.

### Failure To Answer

The Government contends that this Court's clerk properly entered defaults against Ms. Sandoval, Mr. Garza and Ms. Blanco. Supplemental Rule C(6)(a) addresses responsive pleadings in civil forfeiture

actions such as this and requires a person who asserts an interest in or right against the subject property to file a verified statement to identify the interest or right within 30 days after the earlier of: (1) service of the Government's complaint; or (2) completion of publication notice.  Failure to comply with Supplemental Rule C(6) requirements precludes a person to establish standing as a party to a forfeiture action.  *Real Property*, 135 F.3d at 1317.

As outlined above, the Government personally served Ms. Sandoval, Mr. Garza and Ms. Blanco with copies of the complaint, arrest warrant, publication order and other papers related to this action on May 31, 2006, June 2, 2006 and August 24, 2006 respectively.  Publication notice was completed on August 11, 2006, and the Government filed proof of such publication notice on September 15, 2006.  More than 30 days have passed since completion of publication notice and since service of the complaint on Ms. Sandoval, Mr. Garza and Ms. Blanco.  This Court's clerk properly entered defaults upon failure of the potential claimants to respond to the Government's complaint and notices.

### **Default Judgment**

The Government seeks judgment against the interests of Ms. Sandoval, Mr. Garza and Ms. Blanco and final forfeiture judgment to vest in the Government all right, title and interest in the Mercedes and currency.  The Supplemental Rules do not provide a procedure to seek default judgment.  Supplemental Rule A provides: "The general Rules of Civil Procedure for the United States District Courts are also applicable to the foregoing proceedings except to the extent that they are inconsistent with these Supplemental Rules."

Default entry is a prerequisite to default judgment.  F.R.Civ.P. 55(a) governs entry of default: "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default."  Generally, the default entered by the clerk establishes a defendant's liability:

> Rule 55 gives the court considerable leeway as to what it may require as a prerequisite to the entry of a default judgment.  "The general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages will be taken as true." (citations omitted). *Geddes v. United Financial Group,* 559 F.2d 557, 560 (9th Cir. 1977).

*Televideo Systems, Inc. v. Heidenthal,* 826 F.2d 915, 917-918 (9th Cir. 1987).

As noted above, the Government properly obtained default entries against the interests of Ms.

Sandoval, Mr. Garza and Ms. Blanco. There is no impediment to default judgment sought by the Government as to them. The Government properly seeks judgment against the interests of the entire world, that is, a final forfeiture judgment to vest in the Government all right, title and interest in the Mercedes and currency. "A judgment in rem affects the interests of all persons in designated property. . . . [T]he plaintiff is seeking to secure a pre-existing claim in the subject property and to extinguish or establish the nonexistence of similar interests of particular persons." *Hanson v. Denckla*, 357 U.S. 235, 246, n. 12, 78 S.Ct. 1228 (1958).

In light of the resolution of A&M Financial's claim conditioned on the Mercedes' sale, a final forfeiture judgment is in order for the Government.

## RECOMMENDATIONS AND ORDER

For the reasons discussed above, this Court RECOMMENDS to:

1. GRANT plaintiff United States of America default judgment against the interests of Thomas Gonzalez Garza, Jessica C. Sandoval and Maria Louisa Blanco in defendants 2002 Mercedes-Benz C320 vehicle identification number WDBRF64J32F178527, license number 5TOP844 and $1,528 U.S. currency;

2. ENTER final forfeiture judgment to vest in plaintiff United States of America all right, title and interest in defendants 2002 Mercedes-Benz C320 vehicle identification number WDBRF64J32F178527, license number 5TOP844 and $1,528 U.S. currency; and

3. ORDER plaintiff United States of America, within 10 days of service of an order to adopt the findings and recommendations, to submit a proposed default and final forfeiture judgment consistent with the findings and recommendations.

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72-304. No later than January 15, 2007, any party may file written objections to these findings and recommendations with the Court and serve a copy on all parties and the magistrate judge and otherwise in compliance with this Court's Local Rule 72-304(b). Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Responses to objections shall be filed and served no later than January 26, 2007 and otherwise in compliance with this Court's Local Rule 72-304(d). A copy of the responses shall be

served on the magistrate judge.  The district judge will review the magistrate judge's findings and recommendations, pursuant to 28 U.S.C. § 636(b)(1)(c).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the district judge's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   January 3, 2007**        /s/ Lawrence J. O'Neill
66h44d                                                    UNITED STATES MAGISTRATE JUDGE